306            November 29, 2016            No. 33

IN THE OREGON TAX COURT
REGULAR DIVISION

Mike E. HILLENGA
and Sheri C. Hillenga,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5278)

Plaintiffs (taxpayers) appealed from a Final Decision of the Magistrate Division of the Tax Court and also requested their case be remanded to the Magistrate Division. Defendant (the department) moved to dismiss taxpayers' complaint on the ground that taxpayers had not paid the tax, interest, and penalty required by statute. The court ruled that recent amendments to ORS 305.419 continue to apply to Plaintiffs, even when no hardship is initially claimed by a plaintiff, but also that the problem that led to taxpayers' failure to appear at trial in the Magistrate Case was a product of their failure to follow the rules of the Magistrate Division. Denying the department's motion, the court directed taxpayers to pay the tax, interest, and penalties assessed for the 2007 and 2008 years or submit an affidavit supporting a request that such payment would be an undue hardship.

Submitted on Defendant's Motion to Dismiss.

Sheri C. Hillenga filed a response *pro se*.

Darren Weirnick, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue.

Decision rendered November 29, 2016.

**HENRY C. BREITHAUPT, Judge.**

This case comes before the court on the motion of Defendant (the department) to dismiss Plaintiffs' case on the ground that Plaintiffs failed to comply with the requirements of ORS 305.419.[1] Plaintiffs (taxpayers) filed their complaint with the Regular Division on July 11, 2016. The complaint was an appeal from the decision of a magistrate after a trial in TC-MD 130018N (the Magistrate Case).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

A.  *The Department's Motion to Dismiss; ORS 305.419*

Taxpayers did not pay the tax, interest, and penalties assessed before or with the filing of their complaint. In addition, they did not assert that to do so would be a hardship. The department seems to assert that the relief provisions of recent legislation, Oregon Laws 2015, chapter 45, section 1, do not apply in cases where no assertion of hardship is made by a plaintiff. The department interprets the 2015 legislation as permitting a more extended time for filing an affidavit of hardship, but only where some assertion of hardship has been made.

The court has reviewed the legislative history of the 2015 legislation and concludes that the reading of the department is too constrained. The clear purpose of the legislature was to remove a "trap for the unwary," especially where, as here, a self-represented litigant may not be aware of the requirement of the proof of hardship, but takes steps to assert and support a finding of hardship when it is called to their attention.

The court has afforded taxpayers additional time within which to address the issue of financial hardship, if that is needed to proceed in the Regular Division of the court. That matter is further addressed in the Conclusion below.

B.  *Taxpayers' Request for Remand to Magistrate Division*

Taxpayers have raised an additional objection to being required to demonstrate hardship or, failing that, to pay tax, interest and penalties before proceeding with their case.

Taxpayers claim that they were not notified of the trial held in the Magistrate Case. On the basis of this claim, they ask this division of the court to remand the case to the Magistrate Division for a trial at which they can appear and argue their case. The department argues that this division of the court has no authority to remand a case to the Magistrate Division. The question of the authority of this division to remand a case is subject to question, as has been pointed out by the department in its brief filed in this case. However, the question need not be answered here. Even if this division has such authority, the facts the court has

available indicate the case should not be remanded but instead should proceed under the statutes governing proceedings in the Regular Division.

The Magistrate Case involved the income tax years 2007 and 2008. An earlier case, involving some of the same issues had resulted in a decision in the Magistrate Division and in an appeal to the Regular Division. The case in the Regular Division (TC 5086) went to trial. Taxpayers were represented in that case by attorney Kevin O'Connell. The case was decided in some ways adversely to taxpayers but in one respect (the NOL Issue) adverse to the department. However, during the pendency of TC 5086, proceedings in the Magistrate Case were abated.

This division issued its Opinion in TC 5086 on May 15, 2014. Shortly thereafter, on May 19, 2014, Kevin O'Connell filed a motion to be allowed to withdraw as counsel for taxpayers in TC 5086. The order allowing the withdrawal was issued June 16, 2014. Of critical importance to taxpayers' position at this stage of the case now before the court, *O'Connell did not file any notice of withdrawal or motion to be allowed to withdraw from representation of taxpayers in the Magistrate Case.*

Representing themselves, taxpayers sought reconsideration of the decision of this court. The department appealed to the Supreme Court from the judgment as to the NOL Issue. Taxpayers were clearly unhappy with this court's rulings as to their tax liability, apart from the NOL Issue, but failed to cross-appeal from those portions of the judgment of this court. The Supreme Court therefore affirmed those portions of the judgment of this court.

The Supreme Court issued its decision as to TC 5086 on November 13, 2015. On October 19, 2015, the department had filed a motion in the abated Magistrate Case asking that the case be taken out of abeyance. The records of the Magistrate Division indicate that the department served that motion on taxpayers and Kevin O'Connell. Because O'Connell had not withdrawn as counsel for taxpayers in the Magistrate Case, all further notices regarding the reactivation of the case and the trial in the case were, in accordance with the Magistrate Division rules, sent only to O'Connell.

When the trial occurred, neither O'Connell nor taxpayers themselves appeared in the matter. The magistrate assigned to the case heard evidence from the department and issued a decision adverse to taxpayers. That decision was sent on May 25, 2016, to O'Connell, the representative who remained in the records of the Magistrate Division as taxpayers' representative.

Taxpayers, having received a copy of the decision from O'Connell, sent a letter to the Magistrate Division in late June 2016 making reference to the decision in the trial of which they say they had no notice. The Magistrate Division treated this letter as a motion for reconsideration. That motion was denied on the basis that neither taxpayers nor their representative O'Connell had notified the Magistrate Division of the change in representation. The denial of reconsideration pointed out to taxpayers the duty they and their representative had to notify the Magistrate Division of a change in representation. *See* Tax Court Rule-Magistrate Division (TCR-MD) 1 E(3)(c).

Taxpayers then filed their complaint in the Regular Division, against which the department has filed its motion to dismiss.

In this division, taxpayers submitted a letter in which they stated:

"May 6, 2014, we had received a letter from Kevin O'Connell, who had been our representative, stating that he would no longer be representing us and to find another attorney. 'I will file the enclosed Motion to withdraw as your counsel in the pending matter before the Oregon Tax court. I will also cease my representation in the matter pending with the Oregon Department of Revenue for the subsequent year.' Therefore it was our understanding that Mr. O'Connell no longer represented us in any manner, period. He advised us to locate another attorney or we could represent ourselves Pro Se."

The foregoing factual statements are made on the basis of court records and writings supplied by taxpayers.

This statement of facts indicates that taxpayers were aware that Kevin O'Connell had ceased to represent them in all the tax disputes in which he had been

representing them. At the time of his letter to them in May 2014 those included TC 5086 and the then-pending, but abated, Magistrate Case. However, while O'Connell notified the Regular Division of the termination of his representation, neither he nor taxpayers notified the Magistrate Division of the cessation of his representation in the Magistrate Case. As a result, notices regarding that matter continued to be sent to O'Connell in accordance with the rules and the practices of the Magistrate Division. The court has no way of determining whether O'Connell forwarded notices he received about the Magistrate Case to taxpayers. He did forward to them the final decision of the magistrate that heard the Magistrate Case, however.

As the magistrate handling the motion for reconsideration pointed out, it is incumbent on taxpayers and their representatives to notify the court and all other parties of changes in representation. In this case, that was done in the Regular Division but not in the Magistrate Division. Even if this court has discretion in some cases to remand a matter to the Magistrate Division, a question not addressed here, it sees no basis for any exercise of discretion in this matter. The problem that led to taxpayers' failure to appear at trial in the Magistrate Case was a product of their failure to follow the rules of the Magistrate Division.

C.  *Conclusion: Taxpayers Must Submit Hardship Affidavit or Pay Tax, Interest, and Penalty*

This leaves the question of how to proceed with the case that has been filed seeking *de novo* review of the decision in the Magistrate Case. As discussed above, with regard to the Motion to Dismiss, the position of the department as to dismissal is not well taken. That said, in order for taxpayers to proceed in this court they must either pay the tax, interest, and penalties assessed for the 2007 and 2008 years or submit an affidavit supporting a request that such payment would be an undue hardship.

Taxpayers have, in correspondence, suggested that payment of tax, interest, and penalties would be an undue hardship. If they wish to maintain that position they must now submit an affidavit in the form found on the website of the court (Motion For Stay of Payment of Income Tax),

setting out specific information as to assets, liabilities, income and expenses. Unless taxpayers request an extension of time for the filing of that affidavit, it must be filed on or before January 15, 2017, or taxpayers' complaint will be dismissed. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied; and

IT IS FURTHER ORDERED that Plaintiffs file a motion for stay of payment of income tax as specified above.